UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY E. BULLARD,

        Plaintiff,

vs.                             Case No.  3:05-cv-777-J-MCR

JO ANNE B. BARNHART, Commissioner of
the Social Security Administration,

        Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision

denying her application for Social Security benefits.  The Court has reviewed the record, the

briefs and the applicable law.  For the reasons set forth herein, the Commissioner's decision

is **AFFIRMED**.

## I.     PROCEDURAL HISTORY

On January 28, 1991, May 25, 1993 and September 22, 1994, Plaintiff filed

applications for disability insurance benefits ("DIB") alleging disability as a result of an

accident at work occurring on April 4, 1989.  (Tr. 349-52, 373-76 and 401-03).  These

applications were all denied initially without appeal by Plaintiff.  (Tr. 353-54, 377-78 and

404-11).  On January 10, 1995, Plaintiff filed another application for DIB, again alleging an

onset date of April 4, 1989.  (Tr. 422-25).  The Social Security Administration ("SSA") denied

this application initially and on reconsideration. (Tr. 426-28).  Plaintiff then requested and

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate
Judge.  (Doc. 12).

received a hearing before an Administrative Law Judge ("ALJ") on June 13, 1996.  (Tr. 429, 21).[2]  The ALJ issued a decision on September 5, 1996 finding Plaintiff not disabled.  (Tr. 21).  Plaintiff sought review by the Appeals Council, which was denied although the Appeals Council noted that the ALJ should have dismissed Plaintiff's request for review based on res judicata.  (Tr. 21).  The Appeals Council dismissed Plaintiff's request for hearing filed on August 17, 1995 (Tr. 429) and found the ALJ's September 5, 1996 decision to be of no effect.  (Tr. 21).

Plaintiff filed another application for DIB on July 6, 1998, which was denied initially without appeal.  (Tr. 21).  On September 12, 2000, Plaintiff filed the current application for DIB, again alleging an onset date of April 4, 1989.  (Tr. 74-76).  This application was denied initially and on reconsideration and Plaintiff requested a hearing before an ALJ. (Tr. 36-42).  On August 30, 2001, an Administrative Law Judge, John D. Thompson, Jr., dismissed Plaintiff's request for hearing on res judicata grounds.  (Tr. 45-47).  Plaintiff filed a request for review of the dismissal order to the Appeals Council, which was granted on May 31, 2002.  (Tr. 48-53).  The Appeals Council remanded to case to the ALJ, finding that without the previous file or a reconstructed file with the evidence used to make the earlier decision, such a dismissal by the ALJ was improper.  (Tr. 51-53).  The Appeals Council instructed the ALJ to attempt to obtain the prior file, allow the submission of additional evidence regarding Plaintiff's mental and physical impairments and to:

> apply the new regulations, offer the claimant an opportunity for a
> new hearing and issue a decision on the merits of the case with

---

[2]  The documents from Plaintiff's hearing before the ALJ on June 13, 1996, as well as the ALJ's decision are not included in the record but are referenced in ALJ Thompson's January 23, 2003 decision.  (Tr. 21-30).

> regard to disability on or before September 30, 1989, the date
> the claimant last met the insured status for purposes of
> entitlement to a period of disability and disability insurance benefits.

(Tr.48-53).

Plaintiff received a hearing before ALJ Thompson on August 27, 2002.  (Tr. 618-59).

Thereafter, on December 4, 2002, a supplemental hearing was held to obtain testimony

from a vocational expert.  (Tr. 579-617).  On January 23, 2003, the ALJ issued a decision

finding Plaintiff was not disabled.  (Tr. 21-30).  Plaintiff filed a Request for Review by the

Appeals Council on February 20, 2003.  (Tr. 13-17).  The Appeals Council denied Plaintiff's

request for review on June 10, 2004, 2003, thereby making the ALJ's January 23, 2003

decision the final decision of the Commissioner.  (Tr. 8-11).  Plaintiff timely filed her

Complaint in the U.S. District Court on August 16, 2005.  (Doc. 1).

## II.    NATURE OF DISABILITY CLAIM

### A.    Basis of Claimed Disability

Plaintiff claims to be disabled since April 4, 1989, due to injuries she sustained during

an accident at her workplace on April 4, 1989.

### B.    Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when she is unable to engage in substantial

gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to either result in death or last for a continuous period of not less

than 12 months.  42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505.  The ALJ must

follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.

First, if a claimant is working at a substantial gainful activity, she is not disabled.  29 C.F.R.

3

§ 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, the ALJ initially determined the prior ALJ's decision contained "error(s) of law" and therefore, he was required to consider the entire period of potential entitlement from Plaintiff's alleged onset date of April 4, 1989 through her date last insured.  (Tr. 22).  The ALJ found Plaintiff met the nondisability requirements of the Social Security Act and was insured for benefits through her date last insured, September 30, 1989.  (Tr. 23, 28).  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date, April 4, 1989.  (Tr. 24, 28).  At step two, the ALJ determined Plaintiff had:

> a history of blindness in the right eye, a history of right knee chondromalacia and a history of right sided carpal tunnel syndrome.

(Tr. 24, 28).  The ALJ found these impairments "severe within the meaning of the Regulations prior to her date last insured but not severe enough to meet or medically equal

one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4."  Id.

The ALJ found that from April 4 to September 30, 1989, Plaintiff retained the residual

functional capacity for:

> some kinds of sedentary or light work on a sustained basis.  She
> could lift and/or carry 10 pounds occasionally, walk and/or stand
> for four hours per eight-hour day and sit for four hours per work
> day.  She could perform occasional bending, stooping and
> crouching.  She had limitations regarding kneeling, crawling,
> and/or climbing, and work which required excellent bilateral
> vision.  She had environmental restrictions against exposure to
> dangerous machinery and unprotected heights.

(Tr. 26, 29).   In making this determination, the ALJ determined that Plaintiff's testimony

regarding her ability to work was not entirely credible.  (Tr. 24, 28).  At step four, the ALJ

utilized the testimony of a vocational expert ("VE") during the December 4, 2002 hearing to

determine if Plaintiff could perform any of her past relevant work.  (Tr. 605-10).  The VE

testified Plaintiff was unable to perform any of her past relevant work.  Id.

As such, the burden shifted to the SSA to show that there were other jobs existing in

significant numbers in the national economy that Plaintiff could perform.  The ALJ utilized

the testimony of the VE who opined that based on Plaintiff's age, education, past relevant

work experience and RFC, Plaintiff was able to make a vocational adjustment to other work.

(Tr. 611-16).  Accordingly, the ALJ found that Plaintiff was not disabled within the meaning

of the Social Security Act.  (Tr. 28-30).

## III.   STANDARDS OF LAW

### A.   The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the

correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and

whether the findings are supported by substantial evidence.  Richardson v. Perales, 402

U.S. 389, 390, 91 S.Ct. 1420 (1971).  The Commissioner's findings of fact are conclusive if

supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than

a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence

of a fact, and must include such relevant evidence as a reasonable person would accept as

adequate to support the conclusion.  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995)

(citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at

401).

Where the Commissioner's decision is supported by substantial evidence, the district

court will affirm, even if the reviewer would have reached a contrary result as finder of fact,

and even if the reviewer finds that the evidence preponderates against the Commissioner's

decision.  Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan,

932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole,

taking into account evidence favorable as well as unfavorable to the decision.  Foote, 67

F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must

scrutinize the entire record to determine reasonableness of factual findings).

## IV.    ANALYSIS

Plaintiff argues only one issue on appeal.  Plaintiff takes the position that the ALJ

should have reviewed Plaintiff's earlier applications to determine whether Plaintiff may have

been entitled to a period of supplemental security income ("SSI") benefits once he decided

to re-open the prior applications.  (Doc. 16, p.5).

The regulations governing SSI benefits provide that when an individual applies for

Title II benefits (as did Plaintiff), the SSA will explain the requirements for receiving SSI

6

benefits and will give the applicant a chance to file an application for SSI benefits if:

> (1) The person is within 2 months of age 65 or older or it looks as
> if the person might qualify as a blind or disabled person, and
> (2) It is not clear that the person's title II benefits would prevent
> him or her from receiving SSI or any State supplementary
> benefits handled by the Social Security Administration.

20 C.F.R. § 416.350(a).  The regulations further provide that if the person applying for Title

II benefits does not file an application for SSI on a prescribed form when SSI is explained to

her, the SSA will treat her filing of an application for Title II benefits as an oral inquiry about

SSI, and the date of the Title II application form may be used to establish the SSI

application date if the individual fills out an application within 60 days.  20 C.F.R.

§ 416.350(b).

In the instant case, Plaintiff filled out six applications for Social Security disability

insurance benefits.  She never filed an application for SSI benefits.  Moreover, in most of

these applications, Plaintiff expressly denied any intention of filing for SSI benefits.  Indeed,

Plaintiff's May 25, 1993 application states, "I am not filing for the other program you

administer, Supplemental Security Income.  I am aware that my household's income

exceeds the SSI limit."  (Tr. 375).  Her September 22, 1994 application states, "I do not wish

to file for SSI disability."  (Tr. 403).  Her January 10, 1995 application also states, "I do not

want to file for Supplemental Security Income."  (Tr. 424).  Finally, Plaintiff's most recent

application, dated September 12, 2000, states:

> It has been explained to me several times that I am not eligible
> for Social Security disability benefits due to my work history.
> However, I am re-applying for benefits because I have a right to.
> I am not applying for SSI benefits because my hubands [sic]
> receives $1200 a month social security disability.

(Tr. 76).  "While a Title II application seeking Social Security benefits is considered as an

7

oral inquiry into a Title XVI [SSI] benefits, to obtain [the SSI benefits] a claimant must actually file an application." <u>Crane v. Shalala</u>, 76 F.3d 251, 255 (9th Cir. 1996) (internal citations omitted).  As noted above, Plaintiff never filed an application for SSI benefits and instead, expressly stated her intention not to file an application for SSI benefits.  Therefore, the undersigned rejects Plaintiff's assertion that the ALJ erred in failing to consider SSI benefits.

## V.   CONCLUSION

For the foregoing reasons, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g).  The Clerk is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this  8th  day of August, 2006.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

8